UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEPHANIE PRUTER,<br><br>                      Plaintiff,<br>v.<br><br>ANTHEM COUNTRY CLUB, INC.,<br><br>                      Defendant. | Case No. 2:13-cv-01028-GMN-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION** |

This matter is before the Court on the parties' Responses (Dkt. #36, #37) to the Court's Order to Show Cause (Dkt. #35). This proceeding is referred to the undersigned pursuant to 28 U.S.C. § 636(a) and (b) and LR IB 1-3 and 1-4 of the Local Rules of Practice.

**BACKGROUND**

Plaintiff Stephanie Pruter filed the Complaint (Dkt. #1) in this matter on June 10, 2013. Defendant Anthem Country Club, Inc. ("Anthem") filed a Motion Stay and Compel Arbitration (Dkt. #5) on July 3, 2013. The undersigned held a hearing on this motion, and on November 5, 2013, entered an Order (Dkt. #17) granting the motion. The Court found that the parties' arbitration agreement was valid and enforceable; thus, each of Plaintiff's Title VII sexual discrimination, sexual harassment, and retaliation claims are subject to arbitration. *Id*. at 14. The Court ordered the parties to file a joint status report by November 19, 2013, advising the Court when arbitration had been scheduled. *Id*.

When the parties did not file a joint status report by the deadline ordered, the undersigned entered an Order to Show Cause (Dkt. #18) on November 26, 2013, requiring the parties to file the joint status report by December 9, 2013. The parties filed a Joint Status Report (Dkt. #19) November 27, 2013, informing the Court that they had met and conferred and they were in the process of scheduling the arbitration.

1

After filing the status report, the parties took no action in this case for over nine months. Thus, the Court entered an Order (Dkt. #20) setting a hearing for September 9, 2014, and requiring counsel to be prepared to advise the court of the status or outcome of the arbitration, and why this case was still pending. During the hearing, the parties advised the Court that minimal progress had been made. *See* Mins. of Proceedings (Dkt. #21). As such, the Court required the parties to file status reports every 30 days until the arbitration was conducted. *Id*. *See also* Order (Dkt. #25).

For the next nine months, the parties submitted status reports on: Oct. 7, 2014 Joint Status Report (Dkt. #22); Nov. 6, 2014 Joint Status Report (Dkt. #24); Dec. 8, 2014 Joint Status Report (Dkt. #26); Jan. 7, 2015 Joint Status Report (Dkt. #27); Feb. 4, 2015 Joint Status Report (Dkt. #28); Mar. 9, 2015 Joint Status Report (Dkt. #29); Apr. 13, 2015 Joint Status Report (Dkt. #30); May 5, 2015 Joint Status Report (Dkt. #31); and July 6, 2015 Joint Status Report (Dkt. #32). According to the last Joint Status Report (Dkt. #32), filed July 6, 2015, the parties were scheduled to conduct an initial case management conference with Arbitrator Carol Davis Zucker on June 4, 2015. Prior to the scheduled conference, however, Ms. Zucker recused herself after Plaintiff's counsel requested her recusal.

The next status report was due August 6, 2015, but nothing was filed. Thus, on August 18, 2015, the Court entered yet another Order to Show Cause (Dkt. #35) why this case should not be dismissed for: (1) failure to comply with the Court's order compelling arbitration, and (2) failure to prosecute this action.

In Response to the Order to Show Cause, Plaintiff asks the Court not to dismiss this case because, after Ms. Zucker's recusal, counsel promptly compiled a list of arbitrators to avoid a potentially lengthy selection process through the AAA. *See* (Dkt. #37) ¶ 29. The parties have purportedly agreed on a new arbitrator, stipulated to discovery deadlines, and set a date for the arbitration hearing. *Id*. As such, Plaintiff states that the parties are now "actively working" to resolve their dispute and the case should not be dismissed. *Id*. ¶ 30.

In its Response, Anthem asserts that the Court should dismiss this case with prejudice based on Plaintiff's "repeated frustration of the arbitration process and delay in moving the

2

1  arbitration forward as ordered by the Court." *See* (Dkt. #36) at 1.  Anthem alleges that Plaintiff
2  wrongfully caused Ms. Zucker's recusal.  Because of Plaintiff's violations of the Court's orders
3  and extreme delay in proceeding with arbitration, Anthem asks the Court to dismiss the case with
4  prejudice.  In the alternative, Anthem asks the Court to order Plaintiff to reimburse the $750 it
5  paid AAA for arbitrator selection.

**DISCUSSION**

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16, provides for a stay of proceedings in federal district courts when an issue or claim is referable to arbitration. *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990).  Once the district court is satisfied that a disputed issue is subject to arbitration, the FAA states that the district court shall "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."  9 U.S.C. § 3.  However, the Ninth Circuit has held that the FAA does "not limit the court's authority to grant a dismissal" where the arbitration clause at issue requires a plaintiff to submit all claims to arbitration. *Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988) (holding that a district court may *sua sponte* dismiss a case if all claims are subject to an arbitration agreement); *see also Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1073–74 (9th Cir. 2014).  When arbitration of all claims against a defendant is required by the parties' agreement, dismissal is appropriate rather than stay. *Cooper v. QC Fin. Services, Inc.*, 503 F. Supp. 2d 1266, 1292 (D. Ariz. 2007).[1]

The court finds dismissal is appropriate because all of Plaintiff's claims are subject to

---

[1] **Error! Main Document Only.**Rule 41 of the Federal Rules of Civil Procedure requires that plaintiffs prosecute their claims and authorizes involuntary dismissal for failure to prosecute or comply with a court order.  The district court has the inherent power to dismiss a case for lack of prosecution *sua sponte*. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).  The Ninth Circuit has held that a district court must consider five factors in determining whether to dismiss a case for lack of prosecution: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Allen v. Bayer Corp. (In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).  Here, an analysis of these factors is unnecessary because Plaintiff's claims will move forward in the arbitration proceeding.  Dismissal of the action in this Court is simply a housekeeping measure intended to promote the efficient administration of judicial business and remove this case from the court's docket.

arbitration and the parties have not diligently pursued arbitration. All of Plaintiff's Title VII sexual discrimination, sexual harassment, and retaliation claims are subject to arbitration. *See* Nov. 5, 2013 Order (Dkt. #17) at 14. Dismissal will not relieve the parties of their court obligation to arbitrate their disputes. It will only close this case on the court's docket. This action has languished on the Court's docket for over two years since the parties were compelled to arbitrate Plaintiff's claims, and consumed judicial resources to follow up on the parties' lack of progress. The parties did nothing to select an arbitrator and schedule an arbitration for over nine months after the order compelling arbitration was entered. *See* Order (Dkt. #20). After more than 19 months had passed, and multiple orders to show cause, the parties had accomplished virtually nothing because the chosen arbitrator recused herself. *See* Joint Status Report (Dkt. #32). There is simply no reason why this Court should continue to expend any more of its resources under the circumstances

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Complaint be DISSMISSED.

Dated this 8th day of December, 2015.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal

1  the district court's order. *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). The points and
2  authorities filed in support of the specific written objections are subject to the page limitations
3  found in LR 7-4.

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28